IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JEREMY SMITH,

    Plaintiff,

    v.

WARDEN THOMAS, *et al.*,

    Defendants.

3:13-CV-02710

(Judge Mariani)

## MEMORANDUM

### I. Background

Plaintiff Jeremy Smith ("Plaintiff" or "Smith"), an inmate presently confined at the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg") initiated the above *pro se* action by filing a Complaint pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (Doc. 1). In his Complaint, Smith alleges an excessive use of force claim. (*Id.*). By Order dated December 2, 2013, service of the Complaint was directed. (Doc. 6). While the summonses have been issued, no proofs of service have been filed and no attorneys have entered appearances on behalf of the Defendants.

Presently before the Court is Smiths' motion for appointment of counsel (Doc. 10) and supporting brief (Doc. 11). For the reasons set forth below, the motion will be denied without prejudice.

## II.   Discussion

The Court recognizes that there is neither a constitutional nor a statutory right to counsel for civil litigants. *Parham v. Johnson*, 126 F.3d 454, 456–57 (3d Cir.1997); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir.1993). Notwithstanding this lack of a constitutional or statutory right to appointed counsel, in a civil case, 28 U.S.C. § 1915(e)(1) provides that "[t]he court may request an attorney to represent any person unable to employ counsel ." A district court's appointment of counsel pursuant to this statute is discretionary and must be made on a case-by-case basis. *Tabron*, 6 F.3d at 157–58. The exercise of this discretion, however, is guided by certain basic principles. *Gordon v. Gonzalez*, 232 Fed. Appx. 153, 156 (3d Cir.2007).

In *Tabron*, the United States Court of Appeals for the Third Circuit first outlined with specificity the applicable standards to be considered by courts upon an application to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1). *Id.* at 155–57. In *Parham*, the Third Circuit identified the following guidelines for appointing counsel to indigent civil litigants:

> As a preliminary matter, the plaintiff's claim must have some merit in fact and law. If the district court determines that the plaintiff's claim has some merit, then the district court should consider the following factors:
>
> (1) the plaintiff's ability to present his or her own case;
>
> (2) the complexity of the legal issues;
>
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such an investigation;
>
> (4) the amount a case is likely to turn on credibility determinations;

2

  (5) whether the case will require the testimony of expert witnesses;

  (6) whether the plaintiff can attain and afford counsel on his own behalf.

*Parham*, 126 F.3d at 457 (citation omitted).

  At the outset, the Court notes that the case is in its early stages, making analysis of the above factors difficult. At this preliminary stage of the case, a consideration of the factors relating to how much the case will turn on credibility determinations, the need for expert witness testimony, the degree to which factual investigation will be necessary and Smith's ability to pursue such investigation, and the complexity of the legal issues is premature. In his motion to appoint counsel, Smith explains that he suffers from mental illness and hears voices in his head. (Doc. 10). Smith argues that he should be appointed counsel because he is illiterate, mentally ill and the current case is very complex.[1] However, Smith's filings in this case thus far have been coherent and include legal research and arguments. As such, Smith has demonstrated an ability to present his own case by presenting the factual allegations in support of his claims in his complaint in a clear and concise manner. Further, from the current motion and brief, Srnith has also shown that he possesses the ability to understand and present legal authority relevant to his claims. Finally, considering Smith's *pro se* status, a consideration of whether he can attain and afford counsel on his own behalf would appear to weigh in favor of appointing counsel.

---

[1] In his motion to appoint counsel, Smith additionally asks for injunctive relief and to receive his medication. (Doc. 10). These are not appropriate forms of relief to seek in a motion for appointment of counsel and, as such, will not be considered. The Court notes that Smith's current Complaint concerns an allegation of excessive use of force, not a medical deliberate indifference claim, so the relief sought does not appear to relate to the current Complaint.

3

Nonetheless, our overall consideration of the above factors, as well as this Court's liberal construction of pro se pleadings, Haines v. Kerner, 404 U.S. 519 (1972), weigh against the appointment of counsel at this time. Accordingly, Smith's motion will be denied. However, the denial will be without prejudice such that, if future proceedings demonstrate the need for counsel, the matter may be reconsidered either sua sponte or upon a properly filed motion. An appropriate Order follows.

Robert D. Mariani
United States District Judge