IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEREMY SMITH, | : | |
| Plaintiff, | : | |
| | : | 3:13-CV-02710 |
| v. | : | |
| | : | (Judge Mariani) |
| WARDEN THOMAS, *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM

### I. Introduction

Plaintiff Jeremy Smith ("Plaintiff" or "Smith"), an inmate presently confined at the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg") initiated the above *pro se* action by filing a Complaint pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (Doc. 1). On January 2, 2014, Smith filed a Motion for Appointment of Counsel. (Doc. 10). On January 23, 2014, the Court issued an Order denying Smith's motion without prejudice. (Docs. 12, 13). On February 10, 2014, Smith filed a Motion for Reconsideration of our January 23, 2014 Order.[1] (Doc. 14).

---

[1] Local Rule 7.5 of the United States District Court for the Middle District of Pennsylvania stated that "[w]ithin fourteen (14) day after the filing of any motion, the party filing the motion shall file a brief in support of the motion…If a supporting brief is not filed within the time provided in this rule the motion shall be deemed to be withdrawn." L. R. 7.5. Though Plaintiff has not filed a brief in support of his motion for reconsideration, the Court will still consider this motion due to Plaintiff's *pro se* status. *See Haines v. Kerner*, 404 U.S. 519 (1972). In the future, Plaintiff is reminded to review the local rules when submitting motions.

## II. Standard of Review

A motion for reconsideration is a mechanism "to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). A motion for reconsideration is generally permitted only upon the basis of three grounds: (1) there is an intervening change in the controlling law; (2) new evidence becomes available; or (3) clear error of law or to prevent manifest injustice. *See Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999) (*citing North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir.1995)).

## III. Discussion

In his motion for reconsideration, Plaintiff argues against the Court Order denying Plaintiff counsel. (*See* Doc. 12, 13, 14). Plaintiff notes that "Plaintiff papers on this case were all completed by jail house-lawyers not Plaintiff." (sic) (Doc. 14). It is reiterated that Plaintiff "is mentally ill, delusional, and combative with the multiple personalities within his mind." (*Id.*). The motion also states:

> Wherefore if this court is questioning Plaintiffs claim to be a paranoid delusional suffering litigant, the Honorable Court should conduct an psychological evaluation of Plaintiff to disprove his claims of delusion, or risk violating the 3rd Circuit Presedence and the Constitution of the United States.
>
> If the Court denies again Plaintiffs request for appointed counsel he hereby also in alternative requests a Certificate of Appealability to plead his need to Circuit Judges whos presedence is being violated.

(sic) (*Id.*).

2

Though Plaintiff alleges to be suffering from debilitating mental disorders, he has demonstrated an ability to present his own case by presenting the factual allegations in support of his claims in his Complaint in a clear and concise manner, albeit with the help of others. In support of the motion for reconsideration, Plaintiff cites to *Hamilton v. Leavy*, 117 F.3d 742 (3d Cir. 1997). (Doc. 14). In *Hamilton,* the Third Circuit considered, among other issues, whether the District Court improperly denied plaintiff counsel. In reversing the District Court's denial of counsel, the Third Circuit noted:

> We are unable to agree with this conclusion for two reasons: first, the district court erred in concluding that Hamilton did not have a colorable claim; second, the record indicated that Hamilton may be ill-equipped to represent himself or to litigate this claim inasmuch as there is unrebutted medical evidence that he suffers from a paranoid delusional disorder. The district court's failure to consider the weight of this fact demonstrates that more serious consideration should have been given to Hamilton's request for the appointment of counsel. We will therefore reverse on this issue and remand to the district court with instructions to appoint counsel for Hamilton. See *Tucker v. Randall,* 948 F.2d 388, 391 (7th Cir. 1991) (appointment of counsel appropriate when plaintiff presented colorable claim of deliberate indifference to serious medical needs resulting in permanent deformities).

*Id.* at 749.

The decision in *Hamilton* and the considerations underlying it may have application should this case proceed to the summary judgment phase as occurred in *Hamilton.* Further, because the Court's denial of Plaintiff's Motion to Appoint Counsel was without prejudice, Plaintiff may again move for the appointment of counsel at which time he may submit any relevant medical records to support his allegations of mental illness.

3

The Court stresses that this case is in its early stages, as service of process was just recently issued, and, to date, no entry of appearance has been made on behalf of the Defendants. In considering Plaintiff's motion, the Court notes that Plaintiff has failed to show an intervening change in controlling law, new evidence, or a clear error of law or to prevent manifest injustice. As such, we will deny the motion for reconsideration. An appropriate Order will follow.

Robert D. Mariani
United States District Judge