# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JEREMY SMITH,
    Plaintiff,

v.

WARDEN THOMAS, et al.,
    Defendants.

3:13-cv-2710

(Judge Mariani)

## MEMORANDUM

Plaintiff, Jeremy Smith, an inmate currently confined at the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg"), initiated this *pro se* civil rights action on November 6, 2013, arguing that prison officials violated his Eighth Amendment rights by placing a cellmate in his cell, leaving him vulnerable to the physical assault he suffered on July 30, 2012, which resulted in excessive use of force against him. (Doc. 1). On April 15, 2014, Defendants filed a motion to dismiss and/ or, in the alternative, for summary judgment.[1] (Doc. 18). As of the date of this Order, Plaintiff has not responded to Defendants' motion; rather, on May 16, 2014, Plaintiff filed the instant motion to appoint counsel. (Doc. 21). Plaintiff previously filed a motion for appointment of counsel, which raised essentially the same arguments as those set forth in the instant motion. (Docs. 10, 11, 21). Plaintiff's first motion to appoint counsel was initially denied on January 23, 2014, and subsequently denied on reconsideration. (Docs. 10-13, 14, 16, 17).

---

[1] In Defendants' brief in support of their motion to dismiss and/ or, in the alternative, for summary judgment, Defendants indicate that they wish to withdraw their motion to dismiss and proceed on a motion for summary judgment. (Doc. 20, pp. 4-5, n.1).

Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, the court has discretion "to request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997); *Montgomery v. Pinchak*, 294 F.3d 492, 299 (3d Cir. 2002); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the case has some arguable merit in fact or law. *Montgomery*, 294 F.3d at 499. If a plaintiff overcomes this threshold hurdle, other factors to be examined are:

1. the plaintiff's ability to present his or her own case;
2. the difficulty of the particular legal issues;
3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
4. the plaintiff's capacity to retain counsel on his or her own behalf;
5. the extent to which the case is likely to turn on credibility determinations; and
6. whether the case will require testimony from expert witnesses.

*Id.* (citing *Tabron*, 6 F.3d at 155-57). The Third Circuit Court of Appeals added two other

2

factors to be taken into consideration: (1) the court's willingness to aid the indigent party in presenting his or her own case; and (2) the available supply of lawyers willing to accept section 1915(e) requests within the relevant geographic area. *See Gordon v. Gonzalez*, 232 Fed. Appx. 153 (3d Cir. 2007).

Assuming *arguendo* that the complaint has arguable merit, Plaintiff fails to set forth circumstances warranting the appointment of counsel. *See Tabron*, 6 F.3d at 155-56. Plaintiff bases the motion on his mental illness and paranoid delusional disorders, alleging that he hears voices, sees nonexistent figures, and suffers from suspected multiple personality disorder. (Doc. 21, p. 2). Plaintiff lists his history of diagnoses as follows: bipolar disorder, depressive disorder, schizoaffective disorder, paranoid personality disorder, borderline personality disorder, and he has been assessed a Global Assessment of Functioning Score of 31-50. (Doc. 21, p. 2). However, Plaintiff fails to set forth any special circumstances that would warrant the appointment of counsel. *See Goodrich v. Clinton County Prison*, 214 Fed. Appx. 105, 113-14 (3d Cir. 2007) (affirming the District Court's denial of the motion to appoint counsel, finding that the inmate, who suffered from mental health impairments, demonstrated that he was capable of presenting comprehensible arguments, the legal issues were relatively uncomplicated, and he would not suffer prejudice if forced to prosecute the case on his own).

Plaintiff again relies on *Hamilton v. Leavy*, 117 F.3d 742 (3d Cir. 1997), arguing that

3

the court must appoint him counsel due to his alleged paranoid delusional disorder. (Doc. 21, p. 3). However, in *Hamilton*, the Third Circuit Court determined that the District Court erred in concluding that Hamilton did not have a colorable claim, and failed to consider Hamilton's paranoid delusional disorder in relation to his ability to litigate his claim. *Hamilton*, 117 F.3d at 749. As stated above, for purposes of this motion, this court is assuming that Plaintiff's complaint has arguable merit. Further, despite Plaintiff's allegations that he suffers from mental disorders, there is no indication that these alleged disorders hinder his ability to pursue his legal claims.

In his pleadings, Plaintiff demonstrates his ability to present comprehensible arguments and to present his own case. With the instant motion to appoint counsel, Plaintiff filed a supporting brief and has attached an exhibit. (Doc. 21). He has demonstrated the ability to present arguments and relevant legal research supporting his claims in a clear and concise manner. Furthermore, despite his incarceration, investigation of the facts is not beyond Plaintiff's capabilities. The legal issues herein are relatively simple and likely will not require expert testimony. Additionally, a review of this District's docket reveals that Plaintiff has filed and litigated several cases, and has proceeded in all cases without counsel. *See Smith v. Shirk, et al.*, 3:12-cv-2529; *Smith v. Shirk, et al.*, 3:13-cv-1486; *Smith v. Shirk, et al.*, 3:13-cv-1504; *Smith v. Thomas, et al.*, 3:13-cv-1708; *Smith v. Federal Bureau of Prisons*, 3:14-cv-183; *Smith v. Thomas, et al.*, 3:14-cv-406; *Smith v. Federal*

*Bureau of Prisons, et al.*, 3:14-cv-434; *Smith v. Thomas, et al.*, 3:14-cv-761; *Smith v. Thomas, et al.*, 3:14-cv-762.

Finally, it should be noted that this court does not have a large group of attorneys who would represent this action in a *pro bono* capacity.

Based on the foregoing, it does not appear that Plaintiff will suffer prejudice if forced to prosecute this case on his own. The court's duty to construe *pro se* pleadings liberally, *Haines v. Kerner*, 404 U.S. 519 (1972), *Riley v. Jeffes*, 777 F.2d 143, 147-48 (3d Cir. 1985), coupled with Plaintiff's apparent ability to litigate this action, militate against the appointment of counsel. Accordingly, the motion for appointment of counsel will be denied, however said denial will be without prejudice. As the Court in *Tabron* stated,

> [A]ppointment of counsel under § 1915(d) may be made at any point in the litigation and may be made by the district court *sua sponte* ... even if it does not appear until trial (or immediately before trial) that an indigent litigant is not capable of trying his or her case, the district court should consider appointment of counsel at that point.

*Tabron*, 6 F.3d at 156-57. Therefore, in the event that future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon motion of Plaintiff.

A separate Order follows.

Date: June 5, 2014

Robert D. Mariani
United States District Judge

5